<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : : : : | |
| | : | No. 06-CR-206 (SRC) |
| v. | : : | **OPINION & ORDER** |
| OZZIE WALKER | : : : : | |

<u>**CHESLER**</u>, District Judge

      This matter comes before the Court on Defendant Ozzie Walker's motion for a one-month sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Docket Entry 54)  The United States of America (the "Government") has opposed the motion. (Docket Entry 57)  The Court opts to rule on the instant motion without oral argument.  The Court has considered the papers filed by the parties and will grant the motion.

      On October 3, 2006, Defendant pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute crack cocaine.  At the time of his sentencing, the U.S. Sentencing Guidelines called for a term of imprisonment between 121 and 151 months.  The Court sentenced the Defendant to 121 months, the bottom of the then prevailing range.  The Fair Sentencing Act amendments to U.S.S.G. Section 2D1.1, which became retroactive effective November 1, 2011, made the Defendant eligible to petition the Court for a modification of his sentence.

      The parties agree that the Court has discretion to reduce Defendant's sentence to 120

months.  The government opposes a reduction on the grounds that

> (1) the defendant has already benefitted from the government's plea bargain; (2) the defendant has already been afforded this Court's leniency; (3) a one-month reduction does not advance Congress' goal in enacting the FSA; and (4) a 121-month sentence still falls within the appropriate post-FSA Guidelines range.

 (Gov.'s Opp. Br. 3-4)  The Court is persuaded, however, that a one-month reduction is appropriate.  This Court originally sentenced the Defendant to a term of imprisonment at the very bottom of the former guidelines, which strongly suggests that Defendant would have benefitted from a lower sentence had the current guidelines been in place at the time.  The record before the Court also indicates that Defendant has made profitable use of his time served, having attained a number of certificates for the completion of educational and vocational courses.  Under the circumstances, the Court will exercise its discretion to reduce Defendant's sentence by one month.

    For these reasons,

    **IT IS** on this 2nd day of May, 2013,

    **ORDERED** that Defendant's motion to modify his sentence from 121 months to 120 months (Docket Entry 54) be and hereby is **GRANTED**.

                                    s/ Stanley R. Chesler
                                    Stanley R. Chesler, U.S.D.J.